UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------
IN RE:                            )
                                  )
ECOS CENTER, LLC,                 )    CASE NO. 08-22327 (ASD)
                                  )
         DEBTOR                   )    CHAPTER 11
------------------------------------------
BAYVIEW LOAN SERVICING, LLC       )
                                  )
         MOVANT                   )
                                  )
v.                                )
ECOS CENTER, LLC,                 )
                                  )
         RESPONDENT               )    RE: DOC. I.D. NO. 28
------------------------------------------
```

## BRIEF MEMORANDUM OF DECISION
## ON MOTION FOR RELIEF FROM AUTOMATIC STAY

### I. INTRODUCTION

The matters before the Court are (1) the Motion for Relief from Stay (hereafter the "Motion"), Doc. I.D. No. 28, filed by Bayview Loan Servicing LLC, (hereafter, "Bayview"), seeking, *inter alia*, relief from the automatic stay of Section 362(a) in order to foreclose its interest in real property of the Debtor located at 1577 New Britain Avenue, Farmington, Connecticut (hereafter, the "Property") in accordance with applicable state law, and the Debtor's Objection to Movant's Motion for Relief from Stay (hereafter the "Objection"), Doc. I.D. No. 35. The Motion and the Objection came before the Court for a hearing on March 24, 2009 (hereafter, the "Hearing"), at which the Court received evidence, documentary and testimonial, and heard the arguments of counsel. For the reasons set forth hereinafter, the Motion is granted.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(G).

## III. BACKGROUND AND RELEVANT FACTS

The following facts are derived from evidence presented at the Hearing and the Court's examination of the files and records of this case.

On November 25, 2008 (hereafter, the "Petition Date"), ECOS Center LLC (hereafter, the "Debtor") commenced this bankruptcy case by filing a voluntary petition (hereafter, the "Petition") under Chapter 11 of the Bankruptcy Code.

In the Petition the Debtor identified itself as, and the Debtor is, a "Single Asset Real Estate" business as defined in Title 11, U.S.C. § 101(51B). The Property represents the Debtor's sole source of income. Bayview is the current holder of a note and mortgage secured by the Property.

At the Hearing the parties stipulated the amount presently owed on the note, which is in default, to be $1,595.023.02. After considering the evidence adduced at the Hearing, the Court determines the value of the Property to be $1,513,000.00. Accordingly, the Debtor has no equity in the Property.

## IV. DISCUSSION

The filing of a bankruptcy petition "operates as a stay ... of (1) the commencement

2

or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a).

Bayview contends that it is entitled to relief from the automatic stay pursuant to §362(d)(1) and (2) which provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1)   for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>   (2)   with respect to a stay of an act against property under subsection (a) of this section, if--
>     (A)   the debtor does not have an equity in such property; and
>     (B)   such property is not necessary to an effective reorganization;

**Section 362(d)(2)(B) - Necessity of the Property to Effective Reorganization**

It having been established that the debtor does not have equity in the Property, it is now the burden of the Debtor to establish that the Property is "necessary to an effective reorganization." See Section 362(g).

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, [the] [P]roperty will be needed for it; but that the [P]roperty is essential for an effective reorganization *that is in prospect*. This means . . . that there must be "a reasonable possibility of a successful reorganization within a reasonable time." 808 F.2d, at 370-371, and nn. 12-13, and cases cited therein.

United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365,

3

375-376, 108 S.Ct. 626, 632 - 633 (1988).

The Debtor contends that because the Property represents its sole asset, it is necessary to an effective reorganization; that without the Property the Debtor could not reorganize since it could neither operate the business nor sell it. Bayview does not dispute such contention, but argues that the Debtor is unable to *effectively* reorganize even if the automatic stay remains in effect; that, under the Debtor's present financial condition it is unable to make payments of principal and interest due under the Note; and that the Debtor is not positioned to propose and confirm a Plan within any reasonable time frame.

The Debtor has not met its burden of proof. The Hearing record reflects a 25% occupancy rate for tenants producing little income for the Debtor, and no realistic prospect for any significant increase in that rate within any reasonable period. Nor is a reorganization by sale of the Property in prospect or likely to occur on any reasonable time horizon. Despite approximately a year of exposure to the market no seriously interested potential purchaser has surfaced. On the present record it is impossible for this Court to envision the Debtor timely proposing a realistic and confirmable plan of reorganization – that is, there is no reasonable possibility of a successful reorganization within a reasonable time in this case. Accordingly, Bayview is entitled to relief under Section 362(d)(2).[1]

### V. CONCLUSION

In accordance with the forgoing discussion, the Court concludes that Bayview is

---

[1] Having concluded that Bayview is entitled to relief under Section 362(d)(2) it is unnecessary for the Court to determine whether relief is also appropriate under Section 362(d)(1). In addition, while not directly in play here, the Court notes that had Bayview amended it's the Motion to include Section 362(d)(3) as a basis for relief, which it now intends to do, the clear language of that subsection would have mandated relief here as the Debtor is a "Single Asset Real Estate" business, and has failed to file a plan or make sufficient requisite interest payments within 90 days of the Petition Date (or to date).

4

entitled under Section 362(d)(2) to relief from the automatic stay of Section 362(a) to proceed in state court with a foreclosure action against the Property. The Motion (Doc. I.D. No. 28) is **GRANTED.** Relief shall enter pursuant to a separate order entered simultaneously herewith.

Dated: March 24, 2009                                                BY THE COURT

                                                                    Albert S. Dabrowski
                                                                    Chief United States Bankruptcy Judge